Case number 17-6, Kevin McCormick v. Sandra Butler. Oral argument is not to exceed 15 minutes per side. Ms. Dotla for the appellant. Good morning. Good morning, Your Honors. My name is Kirti Dotla and I represent the petitioner Kevin McCormick. I would like to reserve three minutes for rebuttal. Very well. The government in this case does not dispute that Kevin McCormick is serving an unlawful sentence. Because the sentencing court wrongly deemed him an armed career criminal, he's serving a 15-year sentence, which is five years above the maximum that Congress authorized. The only dispute in this case is whether Kevin McCormick can raise that claim and have a court correct that judicial error in a federal habeas petition brought under 28 U.S.C. 2241 now that the Supreme Court has made it very clear that his sentence is unlawful. He can because this court's three-part test from Hill v. Masters has been met. First, he's relying on Mathis, which is a case of statutory interpretation. Second, that case applies retroactively and could not have been raised in his initial 2255 motion. And third, a sentence above the maximum authorized by statute is a fundamental defect that can be raised in federal habeas. The government's only response to this is twofold. They raised three arguments, but two overlap. The government first says that this court's decision in Hill v. Masters just doesn't cover this case. And to hold that, you would have to simply ignore what Hill itself said. And Hill says at page 595 that the test that applies to claims involving a sentencing error is the three-part test that I just mentioned. You have to be relying on a case of statutory interpretation. That case has to apply retroactively, and you could not have been able to raise that in your initial motion. And third, you have to be raising a fundamental defect. Hill goes on to say that a sentence above the statutory maximum is a fundamental defect because it is outside the range that Congress authorized. That's sort of the most critical error that you can have. So the government's claim that Hill somehow just did not address this question is simply incorrect. The government's other two arguments are that the second part of Hill's test hasn't been met. So the government says, well, Mr. McCormick could have raised this issue after he filed his application for COA out of his 2255 motion. So just take a step back and just go over the procedure for a 2255 motion. Once you file your 2255 motion and the district court rules on it, there's no appeal as of right. And the district court had not ruled on his at the time Mathis was decided, correct? The district court had ruled. It was pending, wasn't it? Mathis was decided after the district court denied his 2255 motion and after he filed his application for a COA. I was confused then. Thank you. Okay, so the COA was pending. The argument is they should have amended that. Is that the argument? So I take the government's argument. The government has not been specific about what it thinks he should have done at that point. But I take the government's argument to be something like he could have sent a letter telling the court that Mathis had been decided. And the reason we don't think that that means that he had a reasonable opportunity or a meaningful opportunity to raise this claim in his initial 2255 motion is because at that point, any action the court took in light of Mathis would have simply been a matter of judicial grace because he did not raise this issue in his application for a COA because, of course, it was foreclosed by circuit precedent until Mathis was decided. They would have called waiver. I'm sorry? Wouldn't the government's response to that have been you did not raise it in the initial 2255? Exactly. You've waived it. I think the government would have said it's a new claim in your application because you waived it below and you didn't raise it in the COA application, which means sort of doubly barred from raising a new argument in light of Mathis. So, you know, we're willing to say maybe there's some theoretical possibility that the court might have been generous and done something, but the court has clear precedence saying new arguments are not allowed in an application for a COA and arguments that are not raised in the application itself are debated. So when there is a change in the law, you can't raise a new argument? That's right, because the way that you deal with new cases or new legal arguments that you can make is either by filing a second or successive motion or by filing a 2241 petition. So there's a route to do that, and it's not by amending a COA. All right. So that's the government's first argument, which is that, you know, he could have raised this. There was a theoretical possibility that he could have raised it in the application for the COA. And as we explained in our brief and just in the discussion we've been having, that does not amount to a reasonable opportunity, and there's a reason why this court's cases, and Hill in particular, discuss the initial 2255 motion, because that's when you have an opportunity as a right to raise the argument. The government also says in its brief, responsive brief, that this amounts to somehow an abuse of the writ, and that's wrong for a couple of reasons. The first is that that one sentence in the government's brief is not enough for it to raise that argument because the government always has the burden to demonstrate an abuse of the writ, and that one sentence is not a fully developed argument. But the second reason is that abuse of the writ requires an intentional relinquishment of a right. So you have to know you have the right and have chosen to give it up. You're sort of holding back your claim because you think you'll have a better shot later on, and there's no evidence of that in this case for the reasons that we've just been discussing, which is that the earliest possible time he could have raised Mathis was in this application for a COA, and any bit of research into the case law would have told him that he was not allowed to raise new claims in that posture. So the government also raises a related argument in response to this court's recent decision in Wright v. Spaulding, and the government raised this argument in a 28-day letter, and so it's a little unclear what the scope of the argument is, but I take the argument to be something like either they're raising it for the first time, that he could have raised this argument earlier because there was no binding circuit court precedent that declared Kentucky third-degree burglary to be a violent felony under the Armed Career Criminal Act, and I think that's both wrong and I think perhaps an extension of Wright. So the first reason it's wrong is because in United States v. Prater, and that's at 766 F. 3rd 501 decided by this court in 2014, that's a published decision that interprets New York's third-degree burglary statute, which is functionally identical to Kentucky's third-degree burglary statute, and that decision is quite broad in its language. It discusses the sort of test for when a statute is divisible and not, and it says the offense is not rendered an indivisible statute, one not containing alternative elements, simply because the prohibitory provision itself uses only the word building, because under this statute the definition of building is applicable to the prohibitory provision. So this court's decision in Prater is directly at odds with the outcome in Mathis. It says when you have a statute like New York's, like Kentucky's, that has a definition of the burglary offense and then defines the word building in a separate provision to include things that are much broader than generic burglary, that's fine. That's a divisible statute, and you can go ahead and use the modified categorical approach, and it might count as a violent felony. Mathis says that's wrong, that you can't do it, that a statute structured that way is indivisible and can never serve as an act of predicate offense. So you have on the books published precedent saying this is how you interpret this kind of statute, and then immediately following that you have two decisions from this court, both cited in our brief, United States v. Walker and United States v. Brumback, which both say Kentucky's third-degree burglary statute is divisible and subject to the modified categorical approach. Those are both unpublished, but they follow from Prater, and indeed Brumback cites Prater. And Walker itself says it cannot see how, that's a quote, any other outcome would obtain. So I think this court's precedence at the time Mr. McCormick filed his initial 2255 motion clearly foreclosed any argument that one could raise after Mathis that the statute was in fact indivisible. So it's not clear to me from the government's 20HA letter whether their argument goes beyond that, but to the extent that they're arguing that he also has to prove that he could not have raised this argument in his appeal because it was also foreclosed by binding circuit precedent, I both think that's wrong, as I'll discuss in a second, and I also just am not sure that Wright actually says that or could have said that given what Hill said. So the reason I think that argument is wrong is because of another published case. This is United States v. McFalls, M-C-F-A-L-L-S, which is at 592 F3rd 707. It's a Sixth Circuit case from 2010 published discussing South Carolina's burglary statute. So before the Supreme Court's decision in Decomp, this court didn't really use the words divisible and indivisible because the Supreme Court hadn't really introduced them. But what that decision does is it interprets a very similarly functionally identical burglary statute, and it says this is the kind of statute we can use the modified categorical approach. So even though it doesn't use the words divisible or indivisible, it makes it clear that this court's approach was to treat those kinds of statutes as divisible and to potentially allow them to be used as an act of predicate. And then you have this court's unpublished decision in McGoverny, which is cited in our brief, which is directly on point on this statute. So I do think it was foreclosed at the time of his appeal. But I also just don't think that that's what Wright says because the test that Hill laid out, which is, as I discussed at the very beginning at page 595 of its opinion, specifically refers to an argument being foreclosed in the initial 2255 motion. And the reason it does that, I think, is pretty clear because the test under 2241, under the Savings Clause, is a motion under 2255 inadequate or ineffective. So it doesn't really make sense to look past that to the appeal. There's other doctrines that govern whether you should have raised an argument in an appeal. Those are procedural default doctrines, things like that. So that's why Hill specifically referred to the initial 2255 motion, and that's why that's where the court's inquiry should be trained is should he have, could he have raised this argument in initial 2255 motion such that we shouldn't give him a second shot. Because what habeas is designed to protect is a reasonable opportunity to argue collaterally that your sentence is outside the bounds authorized by the statute. And so I think Wright itself is sort of inconsistent about how it frames its test. And to the extent that you think there is language in Wright that says a prisoner has to both demonstrate unavailability at the appeal stage and the 2255 motion, I think both we need that, so you don't need to reach it. I also think there's the forfeiture argument that we raised in our 20HA letter, which is that the government has had every opportunity to make this argument and indeed submitted its briefs in Wright before the briefs in this case. But I also just think that's inconsistent with Hill, and so the prior in time case, Hill should control, not Wright. And with that, I'll save the rest for tomorrow. Any further questions? Good morning. Good morning, Your Honor. May it please the Court. Kyle Malone, Assistant U.S. Attorney from the Eastern District of Kentucky, representing the appellee Warden Butler. Your Honors, the Wright case is directly on point on this matter and supports the district court's opinion denying Mr. McCormick's 2241 petition. Okay, so I want to ask you just at the outset, tell me the scenario under which Mr. McCormick could have raised this claim earlier. Yes, Your Honor, there are multiple scenarios, and it depends on whether you're looking at the Wright scenarios on the Wright v. Spalding case or under the Hill scenarios. We've argued both in our brief, Your Honor. Let me speak specifically to the Wright scenarios. What Wright v. Spalding clearly says is that in order to file a 2241 petition under the Savings Clause, attacking your sentence or, frankly, any 2241 petition, you have to identify that there was binding precedent at the time of your sentence or later that meant you had no reasonable opportunity to make that argument. And that could come up in various scenarios, but there's one discussed specifically in Wright that applies to Mr. McCormick, and that's what we raised in our 28J letter. In the Wright case, the court said that Mr. Wright, when he was sentenced, there was no binding case that held that his predicate convictions qualified to enhance his sentence. And if you look at Mr. McCormick's case, he was sentenced in 2012. There was no binding authority that would have bound the district court to find that his predicate convictions qualified to enhance his sentence under the ACCA. That means he could have raised that argument. He would not have been foreclosed by binding precedent from making that argument to the district court and could have succeeded. And I apologize for interrupting you, but when Ms. Dalta stood up, she said, the government and the appellants both agree that Mr. McCormick is serving an illegal sentence. Is that the government's position that under existing precedent now, and under the Supreme Court case, he's serving an illegal sentence? I would have to parse that very carefully, Your Honor. I certainly understand the question. We do not take the position in this case that Mr. McCormick's predicate convictions qualify to enhance his sentence. But if they don't qualify to enhance his sentence and the cap is 10 years and he's been sentenced to 15, what does that say? Well, it says a few things, Your Honor. We certainly understand that there is an attempt to get every sentence correct. Our prosecutors try to do that. Our district courts try to do that. This court tries to do that on appeals. But, Your Honor, there's also a virtue and a finality of the sentence. And the Supreme Court has said that many times. And that finality and the number of times that a prisoner gets to challenge their sentence is left up to Congress. Well, let me parse this very carefully. Don't you think that when we're talking about error, when we're talking about potential injustice, that we have to be careful about prioritizing finality over getting it right and doing justice? That's a policy statement. That is a policy question, Your Honor. And with respect to the court, that policy needs to be decided by Congress. Well, the Supreme Court, though, has given us some guidance here with this case and the savings clause that's in the statute. So Congress has at least stepped into that area and provided that. You say, though, that there is no avenue for relief under that savings clause, even under this set of facts. Yes, Your Honor. And because you're relying on right. Is that correct? Right, and he'll be masters, Your Honor. Help me. I'm looking at the Wright case, and the claim in Wright was that the argument was not raised before the district court. And that's not true in this case, is it? That is correct, Your Honor, but that actually goes to support a finding that Mr. McCormick can no longer file a 2241 petition because he did raise an overall argument against his predicates. He also was able to cite DeKalb's, which is very similar to Wright, in that. So he did not do what Wright did. He did not fail to raise the concept, but he did not have Mathis at that time. It seems to me that Wright is a distinct case because the argument in Wright was that you didn't raise any argument and you had an opportunity and you should have. And so what we've got here is in the first 2255 filed by McCormick, he raises the categorical approach question. He loses it. And he loses it before Mathis is decided. Right? That is correct, Your Honor. So the first opportunity he had, he doesn't fit Wright. He didn't fail to say, I've got a categorical approach issue. And now he comes and there is new Supreme Court clear authority, and he raises it. Why doesn't that thread exactly through the misapplied sentence, which is an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect? Well, a few things, Your Honor. First, we have to understand that neither Wright nor Hill are true waiver arguments. I know that was mentioned earlier on. You are correct. I said that incorrectly. It's not a waiver argument. It's a question of whether you meet statutory requirements. I understand that. And under both Hill and Wright, they both look at the aspect of whether one could have raised that argument. And that is consistent with this Court's longstanding case law that just because a prior 2255 was denied and just because it was denied because of procedural bar would not make that inadequate or ineffective. Then the question becomes whether the test that's applicable under 2241 is satisfied here, whether there's a retroactive case of statutory interpretation. I think there's no disagreement that Mathis is. Whether it could not have been invoked in the initial 2255. And it could not have been invoked in the initial 2255 because the initial 2255 was decided before Mathis was decided. So there's no possible way. That is not how we understood the Hill standard, Your Honor. We do think the standards are different, but let me speak to Hill specifically. Obviously, Your Honor, I know that you wrote the Hill opinion. And the way that we understand that opinion is that the Court used very specific language of invoke during that prior 2255. So, for example, for a case we cited in our response, other panels have said that in the situation where a 2255 motion was filed and Mathis came out that same day, that that prisoner should have amended their motion to include Mathis. And they did not. Well, there's no possibility of amendment here because the first 2255 was decided prior to the issuance of Mathis. Yes, Your Honor, but it was still pending when Mathis came out, at least with respect to the request of this Court for a certificate of appealability. And you can make a request. But then you do have not waiver as an incorrect statement, but you have the fact that it was not raised in the initial filing of the 2255, which is a direct quote from Hill. You could not have been invoked in the initial 2255 motion. Your Honor, again, the term invoke connotes the idea that you can invoke it at any time during that process, during that proceeding. And if you did not put it into the petition, what happens is when you try to raise the new argument, the government's response is you did not raise that in the initial petition. It is a new argument that you cannot make now. Your Honor, I couldn't speculate on what the argument would have been at that time. Well, you've got to concede, counsel, how this usually works. It works in a way that if you place an argument in the initial 2255 motion, then it is preserved and you can argue anything about it. If you fail to raise it, then the response is we do not accept as a court new arguments. They have to have been raised in the 2255 motion. That may have happened to Mr. McCormick. Have you tried that, Your Honor? But again, a 2251, a 2255, excuse me, is not inadequate or ineffective just because it's denied. There has to be something more, something in addition to that. Even if it's denied because of a procedure. Exactly, Counselor, exactly. And the question is here, what is that additional problem? And it is the legal premise upon which Hill was based. It's a separation of powers issue. Congress had said 10 years is the maximum you can receive in a sentence. Mr. McCormick is receiving 15 years. And it is that distinction that makes all the difference. It's the mandatory nature of the sentence as a 15-year mandatory minimum that does not apply. That is correct, Your Honor, and that is a separation of powers issue. But there is a separate separation of powers issue in the savings clause itself. Congress has been very clear. We are not at a direct appeal stage. So the rules for Mr. McCormick are different. And Congress has been clear that it wants to limit prisoners' ability to file second and successive and repetitive petitions. Unless what? Unless the savings clause is met, Your Honor. Unless you can show a misapplied sentence presenting an error sufficiently grave to be deemed a miscarriage of justice or a fundamental defect. Do you concede that this is a miscarriage of justice, that he's serving 15 years when the max is only 10? I think we'd have to concede that, Your Honor. Okay. But the court has outlined the miscarriage of justice standard in a three-part test. And we did argue in our briefs that that includes being sentenced pre-Booker, which, of course, Mr. McCormick was not. But, of course, the distinction there is that the premise that is before this court was the initiating legal premise in Hill. Hill was looking at a situation in which there was not a sentence beyond a statutory maximum. And so it analogized to that. It said, when you are in pre-Booker, you are in mandatory time frames just like a mandatory sentence, the maximum sentence. We don't have to move into Hill's analogy. We have to look at Hill's premise. And the premise was that a sentence in excess of a statutory maximum is fundamentally unfair and a violation of the separation of powers. So I'm a little lost at an argument that would take the very premise upon which Hill has based and say it's inapplicable. Well, Your Honor, that comes to the fact that Hill, while it did say that, Your Honor, that that wasn't part of the holding of the case. It wasn't part of the factual scenario. Help me understand that. When Hill says, here is the premise, the legal premise upon which we are creating an analogy in this case, and now we have the case that is, in fact, the premise upon which Hill was based. So the issue is, is that a legal premise that's an appropriate basis? It was for Hill, and now it governs this case. I don't understand how there's an argument that makes that nonfunctional. Well, Your Honor, if you look at Hill, it does specifically limit it to pre-Booker sentences. When that's at issue. Yes, Your Honor. But it's not at issue here because the statutory maximum is at issue here. It's the two distinct sides of the parallel that became Hill's holding. There is a premise that says you cannot give someone a sentence that's beyond a statutory maximum. And then Hill says, and because of that, you cannot do it in the mandatory context of the guidelines. We're back to that initial premise here. And so it governs the case and makes that a fundamental error. If that's the case, Your Honor, I would still point to the Wright v. Spalding opinion, Your Honor, that came out. And essentially— It was after Hill. It was after Hill, Your Honor, and essentially— And so it's secondary. If Hill states a legal premise, Wright cannot undo that. Well, Your Honor, the Wright opinion did not attempt to overrule the Hill case. In fact, it found that its own opinion, its own standard was very consistent with Hill. It looked to this Court's opinion. Somewhat. It looked to the language that said you had to cite to a Supreme Court opinion that could not have been a vote. And it recognized that that was part of this Court's prior precedent, even before Hill. And so we have DeCamp cited here. So that's distinct from Wright. So DeCamp was cited. The 2255 was completely resolved. And then Mathis was issued. Yes, Your Honor, but the Wright standard is different than Hill in this sense. It is not focused on a case. It's focused on an argument. And the Wright court specifically said that Hill did not invent the categorical approach. In fact, it did not even break new ground. And it talked about and pointed to the language in the Mathis case that said that it was dictated by the precedent of DeCamp's and dictated by earlier Supreme Court precedent. Okay, so we're on the same page. I don't understand how we're walking by each other. Because Wright said, you didn't even raise that conceptual argument. We're done. Here, he raised the conceptual argument by citing in his initial 2255 DeCamp. And then that was denied. Mathis came out, which without question is a retroactive, clear statement that this is an improper sentence. And so that is what leads him through the Savings Clause into 2241. Your Honor, Wright, again, was not focused on the fact that Mr. Wright did not raise the argument. And again, we are not focused on the fact of whether or not Mr. McCormick raised DeCamp's. It just so happens that he did. So what is the core of the distinction? Your Honor, Wright says that a 2241 petition cannot be filed unless there was no earlier opportunity to bring the argument. And so in this case, just as in Wright, in Wright, for example, the court said that the petitioner there had the opportunity at sentencing to bring the categorical arguments that he was making, which were based on longstanding Supreme Court case law that Mathis supplemented and helped clarify, but was still dictated by those precedents. Because he had that opportunity and also because he had no binding circuit precedent against him. Well, your opposing counsel suggests that there is binding circuit precedent. Yes, Your Honor. And we simply have to disagree with that respectfully with the opposing counsel. The cases that were cited, first off, Your Honor, there were four cases that were cited. Three of them are in the federal appendix, which are not binding cases. They're not published cases, Your Honor. Two of those were issued after Mr. McCormick was sentenced. So they would not have been binding on his court at the time that he was sentenced. They would not have informed the analysis at all because they did not exist. Help me understand that the Hill Doctrine says that it could not have been invoked in the initial 2255. Yes. And Mathis could not have been, but the conceptual argument was raised there. Maybe we need to conclude this, but I'm not understanding your argument based on Wright. Well, let me be clear, Your Honor, that Wright is a differently worded standard. And while it kept the Hill requirements, it is an additional requirement as we understand it in looking at the case. So it is outside of the context of the Hill v. Masters could not have invoked a Supreme Court case. It is a different standard altogether that the court discovered from looking at prior precedent. And in that case, it's not about the Supreme Court case. It's about the argument and whether the argument could have been made earlier. At what stage? At any stage, Your Honor, according to the Wright. Including the initial 2255? Yes, Your Honor. Okay, that answers my question. Thank you. In this case, it just so happens that Mr. McCormick could have raised that argument, that there was no – at his sentencing, as well as at his 2255, because there was no – You take the position that if he raised it at his 2255 and he didn't parrot the same argument at sentencing, then he can never raise it again. No, Your Honor. What I was suggesting is that Wright applies to all of the earlier stages in the case. And so if the argument was available not at sentencing but then became available at 2255, Wright would expect the prisoner to raise that argument then. At 2255? Yes, Your Honor. I'm clear on the record. Thank you, Counselor. Mr. Mellon, you're out of time, but if you want to wrap it up, I'll give you 30 seconds or a minute. Thank you, Your Honor. If there are no further questions, we would ask that this court affirm the discourse decision based on the briefs that we have filed in the 28J letter, including specifically the Wright opinion that came out most recently. Anything further? No. All right. Thank you, Counselor. Thank you for your time.  Rebuttal. I just have three quick points to make. The first is that as I understand the government's argument, the reason they think Mr. McCormick isn't entitled to raise this argument in a 2241 motion is because there was no binding precedent about this specific statute, either when he was sentenced and appealed or in his initial 2255. But what I didn't hear from the government was a response to why a right requires finding on point on this statute precedent, which I don't think it does both because it doesn't say that and because in Wright itself the petitioner had no precedent. The precedent of the circuit at issue in Wright was in the petitioner's. It was correct. There was no mathis issue in that case, so the court had no reason to go farther and make this fine grained distinction between an on point precedent and a non on point precedent. But what I also didn't hear from the government is a reason why the cases that I mentioned were wrong. And in fairness that might be because this is happening after the 28-J and they didn't have a chance, but the government hasn't said we disagree that if McFalls and McGovney combined resolved this issue at the time of his appeal, sentencing and appeal, and if Prater, Walker, and Brumback resolved this issue at the time of his initial 2255 motion, that he would have been foreclosed by binding circuit precedent with a combination of those sets of cases. And so I take that to basically be a concession that at the time, that even under Wright's test, he has met Wright's test because both sets of precedents foreclosed his arguments at both stages. But I don't think that that is a proper interpretation of Wright or even if that's what Wright says, I don't think it could have said that given what this court said in Hill, which is a specific reference to the initial 2255 motion, which is a holding because the court said this is the test that applies in this context, and which is the only test that's consistent with how habeas works, which is there's a procedural default requirement, which is what requires you to raise something in your sentencing and your appeal. And then once you're in the 2241 stage, the question is, could you have raised it in your initial 2255 motion? The question is not could you have raised it at sentencing. Exactly. And in this case, obviously, we think it's true that he could not have, but that's just not the right test to apply. So the second point I wanted to make is that Judge Donald, in your colloquy with the government, it's clear that the government believes his sentence is unlawful. It's clear that the government believes his sentence is a fundamental defect. And while I do think it's an injustice that Mr. McCormick is still in prison, it's been three years since the top of his guidelines range would have expired. In two more years, that will be the top of his 10-year sentence. I don't think it's a matter of injustice. I think it's a matter of the text of the Savings Clause, which is designed to preserve the basic premise of federal habeas, which is that you should have one meaningful opportunity to raise an argument that your sentence is unlawful after the appeal process has concluded. Habeas is all about collateral attack. It's all about this narrow exception to finality when there's a fundamental defect in your conviction or sentence. And that's all we're asking this court to affirm. And if I could, just one more sentence, which is that we would actually ask, in light of the government's concession, about the merits of his claim, we would ask for a reversal for resentencing. Thank you. The case will be submitted. We may call the next case.